ROBERT CULBERTSON *v.* MATTHEW McCULLUM.

[Abstract Kentucky Law Reporter, Vol. 4—824.]

**Boundary Line Between Land.**
  Where there is room for and actually is a controversy between adjoining land owners as to the correct boundary line between their lands, and by agreement they settle upon a line, it is binding upon both.

APPEAL FROM KENTON CIRCUIT COURT.

March 1, 1883.

OPINION BY JUDGE PRYOR:

Upon a consideration of this record we see no reason for receding from the opinion heretofore rendered in this case. As we understand the testimony of Yates he ran the line from A to B, but the owners of the land on each side of the disputed territory must be presumed to know where the line agreed upon by them was. The appellee in this case bought of Stephens. The latter at the time owned the land on one side and Culbertson on the other. They disagreed about the dividing line and called on Yates to run it. Yates says he ran it from A to B and both Culbertson and Stephens say from A to C, or if not thus run by Yates the two joint owners agreed on the line from A to C and planted a stone. They are both examined by the appellant and both agree as to where the line exists as agreed upon by them. Besides when Stephens sold to the appellee he showed him the line and told him he claimed to it, and it was recognized as the true boundary by both occupants, Stephens and Culbertson. Stephens says that he showed the corner and the line to McCullum when he sold to him, and told him of the agreement with Culbertson. He says that the stone placed at the corner was there when he left the place; that he never saw a corner marked by a stone and two hickories until today, when being examined.

The appellee says that Stephens did not show him the lines that he purchased by his deed and claims what land the deed embraces. There was certainly room for controversy as between the respective owners of the land when they settled upon the line between them as there is proof in the record outside of the agreement between

Culbertson and Stephens conducing to show that the line should run from A to C, and it is immaterial where Yates ran the line; if the owners of the land at that time agreed on the line from A to C they are bound by it. They both state they did, and claimed no other line. The possession then was with Culbertson and Stephens and his vendee can recover the land in this action. Counsel for the appellee says that we are mistaken as to the testimony of Stephens and Culbertson; if so, it can be explained upon the return of the cause. As the record now stands their testimony as to the dividing line agreed upon and fixed by them stands uncontradicted. The judgment below is *reversed* and a new trial awarded.

*John W. Finnell, Geo. R. McKee, for appellant.*

*Stevenson & O'Hara, for appellee.*

[Cited, *Campbell v. Campbell*, 23 Ky. L. 869, 64 S. W. 458.]